ALLEN RUBY (SBN 47109)
RAOUL D. KENNEDY (SBN 40892)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
525 University Avenue
Palo Alto, CA 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570
allen.ruby@skadden.com
raoul.kennedy@skadden.com

Attorneys for Defendant
INTUITIVE SURGICAL, INC.

THOMAS M. JONES (*Pro Hac Vice*)
CHARLES E. WHEELER (SBN 82915)
AMANDA M. LORENZ (SBN 264336)
alorenzr@cozen.com
COZEN O'CONNOR
501 West Broadway, Suite 1610
San Diego, CA  92101
Telephone: (619) 234-1700
Facsimile: (619) 234-7831
tjones@cozen.com
cwheeler@cozen.com

Attorneys for Plaintiff
ILLINOIS UNION INSURANCE COMPANY

JOHN S. PIERCE (SBN 074908)
DAVID J. MCMAHON (SBN 120891)
BARGER & WOLEN LLP
275 Battery Street, Suite 480
San Francisco, CA 94111-3309
Telephone: (415) 434-2800
Facsimile: (415) 434-2533
jpierce@bargerwolen.com
dmcmahon@bargerwolen.com

Attorneys for Plaintiff
NAVIGATORS SPECIALTY INSURANCE
COMPANY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

ILLINOIS UNION INSURANCE
COMPANY, an Illinois corporation

                                    Plaintiff,

        v.

INTUITIVE SURGICAL, INC., a
Delaware corporation,

                                    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 3:13-cv-04863-JST

**STIPULATION FOR PROTECTIVE ORDER
AND [PROPOSED] ORDER**

| | | |
|---|---|---|
| 1 | NAVIGATORS SPECIALTY<br>INSURANCE COMPANY, a Delaware | ) Case No.: 3:13-cv-005801-JST |
| 2 | corporation | ) |
| 3 | Plaintiff, | ) Judge: Honorable J. Tigar |
| 4 | v. | ) |
| 5 | INTUITIVE SURGICAL, INC., a | ) |
| 6 | Delaware corporation, | ) |
| 7 | Defendant. | ) |

8   WHEREAS pursuant to Federal Rule of Civil Procedure 26, the Court, Plaintiff Illinois

9   Union Insurance Company, Plaintiff Navigators Specialty Insurance Company (together with

10  Illinois Union Insurance Company, "Plaintiffs"), and Defendant Intuitive Surgical, Inc. ("Intuitive

11  Surgical") deem it appropriate to limit the disclosure of certain confidential information, as set

12  forth below, and the parties to these Actions, by counsel, have stipulated and agreed to give effect

13  to the stipulations set forth below.

14  IT IS HEREBY ORDERED THAT:

15  1.   **Purposes and Limitations.**  Disclosure and discovery activity in these Actions are

16  likely to involve production of confidential, proprietary, or private information for which special

17  protection is warranted from public disclosure and from use for any purpose other than this

18  litigation.  The parties therefore stipulate to and request entry of this Protective Order (the "Order")

19  by the Court.  The parties acknowledge that this Order does not confer blanket protections on all

20  disclosures or responses to discovery and that the protection it affords extends only to the limited

21  information or items that are entitled under the applicable legal principles to treatment as

22  confidential.  The parties further acknowledge that this Order does not allow any party to file

23  anything under seal.  The applicable rules, including Civil Local Rule 79-5 and General Order 62,

24  set forth the procedures that must be followed and reflect the standards and procedures that will be

25  applied when a party seeks leave to file material under seal.

26  2.   **Discovery Material.** Documents, discovery responses, including interrogatory

27  responses, responses to requests for admission, etc., deposition testimony, photographs, videotapes,

28

data and other materials, or portions thereof, produced in discovery in these Actions by any party or non-party (the "Producing Party") may be designated as "Confidential" if the Producing Party reasonably and in good faith believes they contain trade secrets or confidential research, development, commercial, personal, financial, or proprietary information, medical records, or other confidential information not already part of the public domain, including all material, data, and information obtained, derived, or generated from such materials.  Such information shall be deemed "Confidential Information" and shall be subject to the provisions of this Order.  The party requesting the material shall be responsible for safeguarding all produced materials and information designated Confidential Information.

3.  **Designation by Producing Party.**  The designation of Confidential Information described in paragraph 2 above shall be made by stamping or labeling the document or portions thereof containing Confidential Information with the legend **"CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER"** prior to its production or, if inadvertently produced without a legend, by furnishing written notice of the inadvertent production specifically identifying documents which should have contained the legend.  Confidential Information may also be designated:

> (a)  in answers to interrogatories and responses to requests for admissions containing Confidential Information by including the words "Confidential/Subject to Protective Order" in the specific answers to interrogatories or responses to requests for admissions containing Confidential Information; and

> (b)  as to Confidential Information disclosed by a third party, by notifying all parties within twenty (20) days of receipt of such information that the information, or portions thereof, contain Confidential Information.

4.  **Depositions.**  Confidential Information may be used or marked as exhibits in depositions but shall remain subject to this Order.  In the case of deposition testimony, counsel may note on the record that responses to particular questions or series of questions contain or may contain Confidential Information and request the reporter to mark the first page of the deposition

transcript as "Containing Confidential Information."  Parties may also designate portions of the transcript as "Confidential" within twenty (20) days of receipt of the transcript by giving written notification to the opposing party and the court reporter.  Only those portions of the transcript designated as "Confidential" shall be considered Confidential Information.  Until expiration of the 20-day period, the entire deposition will be treated as Confidential under this Order.  Attendance at portions of depositions at which Confidential Information may be disclosed shall be limited to those persons designated as "Qualified Persons" in paragraph 6 below and only after the person[s] follow the procedure described in paragraph 7 below.

5. **<u>Authorized and Unauthorized Uses of Confidential Information</u>.**  Materials marked "Confidential" by the Producing Party, and the information contained therein, shall be kept confidential, shall not be used, directly or indirectly, by any party for any business, commercial or competitive purpose, or for any purpose other than the preparation and trial, including pre-trial motion practice and discovery, of these Actions in accordance with the provisions of this Order without the express written consent of counsel for the Producing Party or by order of the Court.  Access to and disclosure of Confidential Information shall be limited to those persons designated as Qualified Persons in paragraph 6 below.

(a) Nothing herein shall prevent the parties from publicly disclosing any of their own Confidential Information, as they deem appropriate.  Such disclosures shall not affect any confidential designation made pursuant to the terms of this Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

(b) To avoid security risks currently inherent in certain current technologies and to facilitate compliance with the terms of this Order, and unless the party whose Confidential Information is at issue agrees otherwise in writing, all Qualified Persons given access to Confidential Information as outlined in paragraph 6 below, shall keep all such information confidential from all other persons except as specifically provided in this Order.

6.    **Qualified Persons.** Confidential Information may be disclosed only to the following persons (hereinafter referred to as "Qualified Persons"):

(a)    Parties, and personnel who work for parties, and parties' counsel and the clerical, technical, paralegal, and secretarial staff employed or retained by such counsel and the parties' insurers, reinsurers, and retrocessionaires, if any, who need to review such information in connection with these Actions;

(b)    Experts and consultants whose assistance is necessary to assist counsel of record in the preparation of these cases, or to testify in these Actions provided any such persons follow the procedure described in paragraph 7 below;

(c)    A deponent or a witness at trial or hearing in these Actions, provided there is a reasonable basis to believe the disclosure is necessary to prepare the witness or that the witness will give relevant testimony regarding the Confidential Information;

(d)    The Court or any Court personnel, including court reporters;

(e)    A person identified in the document as a subject of the communication, or having authored or previously received the document; and

(f)    Any person mutually agreed upon among the parties.

7.    **Qualified Persons Bound by Order.**    Before being given access to any Confidential Information, each Qualified Person, other than the persons identified in Paragraph 6(a) or those witnesses who are shown Confidential Information at a trial, deposition, or hearing as identified in paragraph 6(c) and persons identified in paragraph 6(d), shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing to be bound by the terms of this Order by signing a copy of the attached Acknowledgment (Exhibit A). Counsel for each party shall maintain a list of all Qualified Persons to whom they or their client(s) have provided any Confidential Information, which list shall be available for inspection by the Court.

8.    **Non-Disclosure to Competitors.**  In no event shall any disclosure of Confidential Information be made to any competitor of Intuitive Surgical or Plaintiffs or to any person who, upon reasonable and good faith inquiry, could be determined to be an employee or consultant of any competitor of Intuitive Surgical or Plaintiffs irrespective of whether they are retained as a consultant or expert by Intuitive Surgical or Plaintiffs in these Actions.  Confidential information of one Plaintiff may be disclosed to counsel for the other Plaintiff.

9.    **Filing Confidential Information.**    Without written permission from the Designating Party or a court order, Confidential Information may not be filed in the public record, but may be filed under seal.  Any Confidential Information that is filed must be filed under seal.  A Party that seeks to file anything under seal must comply with applicable rules and orders concerning filings under seal, including Civil Local Rule 79-5 and General Order 62.  Pursuant to Civil Local Rule 79-5, Confidential Information may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Information at issue.  A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law.  If a request to file under seal pursuant to Civil Local Rule 79-5(d) is denied, the submitting party may file the information in the public record pursuant to Civil Local Rule 79-5(e), unless otherwise instructed by the court.

10.    **Use of Confidential Information at Trial.**    Information identified as "Confidential" in accordance with this Order may be disclosed in testimony at the trial of these Actions or in other proceedings in this matter, subject to the rules of evidence and to such further orders this Court may enter.

11.    **Inadvertent Failure to Designate as Confidential Information.**    Inadvertent failure to designate documents or information as Confidential Information shall not constitute a waiver of the Producing Party's claim to confidentiality, provided that the Producing Party shall promptly notify the receiving party in writing within ten (10) business days of such discovery.  Upon receipt of such notice, each receiving party shall treat the material identified in the notice as

Confidential Information, consistent with the terms of this Order. Each receiving party shall further notify every person or organization that received copies of or access to the material identified in the notice that such material contains Confidential Information, as defined by this Order. Disclosure of material to other persons and organizations prior to receipt of notice from the Producing Party is not a violation of this Order.

12. **No Waiver of Privilege.** This Order does not affect or constitute a waiver of any party's right to withhold or redact information protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable legal privilege. Inadvertent production of confidential documents subject to the attorney-client privilege, the work-product doctrine, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege. The party discovering the inadvertent production shall promptly notify the receiving party in writing when it becomes aware of such inadvertent production. Within five (5) business days of receiving such notice, such inadvertently produced documents and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the Producing Party or destroyed, upon request, and such returned or destroyed material shall be deleted from any litigation-support or other database. No use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them, unless otherwise permitted by the Court.

(a) No less than twenty (20) business days after providing notification of inadvertently disclosed information, the Producing Party shall produce a privilege log listing such information.

(b) The receiving party may move the Court for an Order compelling production of the inadvertently disclosed information. Such motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production. On any such motion, the Producing Party shall retain the burden of establishing its privilege or work

product claims.  Nothing in this paragraph shall limit the right of any party to petition the Court for an *in camera* review of the inadvertently disclosed information.

13.    **Order Survives Termination of Actions.**  This Order shall remain in full force and effect and survive the entry of any other Order resulting in termination of these Actions, unless this Order is expressly modified or vacated by the Court, with all parties having had notice and an opportunity to be heard.

14.    **Disposition of Confidential Information.**  Within sixty (60) days after the final conclusion of each respective Action, and to the extent permitted by law, the parties and/or their counsel shall either return or destroy all materials designated as Confidential Information, including copies, extracts, and summaries thereof.  This provision does not apply to (1) copies of any pleadings or other papers that have been filed with the Court; (2) any work product deemed "Confidential"; or (3) any documents designated "Confidential" with respect to which confidentiality has been successfully challenged in accordance with paragraph 16, below. Notwithstanding the foregoing, any insurance company party or person may retain all Confidential Information received and all pleadings, briefs, memoranda, motions, and other documents containing work product which refer to or incorporate Confidential Information for so long as is necessary to comply with applicable regulatory record retention requirements, and will continue to be bound by the terms of this Protective Order with respect to all such retained Information.

15.    **Court Retains Jurisdiction.**  The Court shall retain jurisdiction over all persons or organizations authorized under paragraph 6 to receive Confidential Information for the limited purpose of enforcing such return and enforcing the continuing obligations of confidentiality imposed by this Order.

16.    **Challenges to Confidentiality Designation.** If a party disagrees with the designation of materials or information as "Confidential," the party challenging the designation and the Producing Party shall first try in good faith to informally resolve the dispute.  The party challenging the designation shall provide specific reasons as to why the materials or information

1  are not properly designated as "Confidential." If it becomes necessary for the Court to resolve the

2  dispute, the party challenging the designation shall file the appropriate motion no more than thirty

3  (30) days after the parties' informal attempts to resolve the issue have failed. Pending the Court's

4  decision on the motion, the information designated as "Confidential" shall be treated as though it

5  were Confidential Information within the meaning of this Order. If the objecting party does not

6  file such a motion within thirty (30) days of the service of its objection(s) and the Producing Party

7  has not agreed to extend the time for filing such a motion, the information designated as

8  "Confidential" shall be treated as Confidential Information within the meaning of this Order. With

9  respect to any motions relating to the confidentiality of documents or related information, the

10 burden of justifying the designation shall lie with the Producing Party. All parties retain the right

11 to appeal the decision of the Court.

12        17.    **Subpoena by Other Courts or Agencies.**    If a party (or its agent, officer,

13 employee, representative, or attorney) receives a discovery request, subpoena, or other process

14 seeking disclosure of Confidential Information, the party shall immediately notify, via overnight

15 mail and email, the party, person, or entity who has designated the requested information or

16 documents as "Confidential" that such a request has been made and shall provide that party with an

17 opportunity to file a motion for protective order or take other appropriate action prior to producing

18 the requested information or documents.

19

20

21

22

23

24

25

26

27

28

STIPULATION FOR PROTECTIVE ORDER AND [~~PROPOSED~~] ORDER
Case Nos.: 3:13-cv-04863-JST and  3:13-cv-05801-JST

1    18.    **Modification Permitted.**  Nothing contained in this Order shall prejudice the right

2  of any party to seek modification or amendment of this Order by further Court order, upon motion

3  and notice.

4

5  **IT IS SO ORDERED.**

6    DATED _____July 16_____, 2014    _____

7                              Honorable Jon S. Tigar

8  Through the undersigned counsel, the parties consent to entry of this Order:

9  Dated:  July 8, 2014                    _____/s/ Raoul D. Kennedy_____

10                                   Raoul D. Kennedy (CA State Bar # 40892)
                                    Skadden, Arps, Slate, Meagher & Flom LLP
11                                   525 University Avenue
                                    Palo Alto, CA 94301
12                                   Telephone: (650) 470-4500
                                    Facsimile: (650) 470-4570
13                                   *Counsel for Defendant*
                                    *Intuitive Surgical, Inc.*

14    I, Raoul D. Kennedy, am the ECF User whose ID and password are being used to file this

15  Stipulation for Protective Order and [Proposed] Order.  In compliance with General Order 45,
    X.B., I attest that the following signatories have concurred in this filing.

16

17

18  Dated:  July 8, 2014                    _____/s/ Charles E. Wheeler_____

19                                   Charles E. Wheeler (CA State Bar 82915)
                                    Cozen O'Connor
20                                   501 West Broadway, Suite 1610
                                    San Diego, CA 92101
21                                   Telephone: (619) 234-1700
                                    Facsimile: (619) 234-7831
22                                   *Attorneys for Plaintiff*
                                    *Illinois Union Insurance Company*

23

24

25

26

27

28

STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER
Case Nos.: 3:13-cv-04863-JST and  3:13-cv-05801-JST

1

2  Dated:   July 8, 2014

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____
/s/ David J. McMahon

David J. McMahon (CA State Bar 120891)
Barger & Wolen LLP
275 Battery Street, Suite 480
San Francisco, CA 94111-3309
Telephone: (415) 434-2800
Facsimile: (415) 434-2533
*Counsel for Plaintiff*
*Navigators Specialty Insurance Company*

1

**EXHIBIT A to PROTECTIVE ORDER**

2

**UNITED STATES DISTRICT COURT**

3

**NORTHERN DISTRICT OF CALIFORNIA**

4

**SAN FRANCISCO DIVISION**

5

6

7

8

9

10

| | |
|---|---|
| ILLINOIS UNION INSURANCE COMPANY, an Illinois corporation | ) Case No.: 3:13-cv-04863-JST ) |
| Plaintiff, | ) **STIPULATION FOR PROTECTIVE ORDER** ) **AND [PROPOSED] ORDER** |
| v. | ) ) |
| INTUITIVE SURGICAL, INC., a Delaware corporation, | ) ) ) |
| Defendant. | ) ) |

11

12

13

14

15

16

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY, a Delaware corporation | ) Case No.: 3:13-cv-005801-JST ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| INTUITIVE SURGICAL, INC., a Delaware corporation, | ) ) ) |
| Defendant. | ) ) |

17

18

19

        I certify that I have read and understand the Protective Order entered in this matter and agree to be bound by the terms thereof, and that I agree not to disclose any Confidential Information to any person other than as permitted by the Protective Order. I further consent to the exercise of personal jurisdiction by the above Court in any proceeding(s) to enforce the terms of the Protective Order.

20

        Dated this _____ day of _____, _____.

21

22

        _____
        Signature

23

        _____
        Printed Name

24

25

        _____
        Address

26

        _____
        City and State

27

28

        _____
        Telephone Number